

# Service of Process Transmittal
06/14/2021
CT Log Number 539731343

| | |
|---|---|
| **TO:** | Michael Johnson, Legal Assistant<br>The Hartford<br>1 Hartford Plz, HO-1-09<br>Hartford, CT 06155-0001 |
| **RE:** | **Process Served in Missouri** |
| **FOR:** | Navigators Insurance Company  (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Prince Telecom, LLC, Pltf./Petitioner vs. Total Quality Assurance Cable Specialists, Inc., Dft./Respondent // To: Navigators Insurance Company |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Petition |
| **COURT/AGENCY:** | 19th Judicial Circuit - Cole County, MO<br>Case # 21ACCC00174 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/14/2021 postmarked on 05/27/2021 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Carl James Lumley<br>130 South Bemiston<br>Suite 200<br>St. Louis, MO 63105-1913 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/15/2021, Expected Purge Date: 06/20/2021<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.




MISSOURI DEPARTMENT OF COMMERCE AND INSURANCE
PO BOX 690
JEFFERSON CITY, MO 65102-0690

7014 1820 0000 3629 8582

NAVIGATORS INSURANCE
COMPANY
120 S. CENTRAL AVE.
CLAYTON, MO 63105

FIRST CLASS MAIL

State of Missouri

# Department of Commerce and Insurance



**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

NAVIGATORS INSURANCE COMPANY
120 S. CENTRAL AVE.

CLAYTON, MO 63105

**RE:** Court: Cole Co. Circuit Court, Case Number: 21AC-CC00174

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Wednesday, May 26, 2021.

*Chlora Lindley-Myers*

Director of Commerce and Insurance



## IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division: JON EDWARD BEETEM | Case Number: 21AC-CC00174 |
|---|---|
| Plaintiff/Petitioner: PRINCE TELECOM, LLC vs. | Plaintiff's/Petitioner's Attorney/Address CARL JAMES LUMLEY SUITE 200 130 SOUTH BEMISTON ST LOUIS, MO 63105-1913 |
| Defendant/Respondent: TOTAL QUALITY ASSURANCE CABLE SPECIALIST, INC | Court Address: PO BOX 1870 301 E HIGH ST JEFFERSON CITY, MO 65101 |
| Nature of Suit: CC Breach of Contract | |

**SOP RECEIPT DATE**

**MAY 2 6 2021**

MISSOURI DEPARTMENT OF COMMERCE AND INSURANCE

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: **NAVIGATORS INSURANCE COMPANY**
Alias:

DIR, MO DEPT OF INSURANCE
301 WEST HIGH ST., ROOM 530
JEFFERSON CITY, MO 65101

COURT SEAL OF
COLE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____Friday, May 14, 2021_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)
Subscribed and sworn to before me on _____ (date).
My commission expires: _____          _____
Date          Notary Public

**Sheriff's Fees, if applicable**
Summons            $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $___10.00___
Mileage            $_____ (_____ miles @ $._____ per mile)
**Total**            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

NINETEENTH CIRCUIT COURT

| | | |
|---|---|---|
| PRINCE TELECOM, LLC | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TOTAL QUALITY ASSURANCE CABLE | ) | Division |
| SPECIALISTS, INC. | ) | |
| | ) | |
| Serve: Registered Agents Inc.<br>117 S. Lexington St, Suite 100<br>Harrisonville, MO 64701 | ) | |
| And | ) | |
| | ) | |
| NAVIGATORS INSURANCE COMPANY | ) | |
| | ) | |
| Serve: Director, Missouri Dept of Insurance<br>301 W. High St, Room 530<br>Jefferson City, MO 65101 | ) | |
| Defendants. | ) | |

PETITION FOR BREACH OF CONTRACT, CONTRIBUTION AND DECLARATORY JUDGMENT

COMES NOW, Plaintiff Prince Telecom, LLC and for its Petition against Total Quality Assurance Cable Specialists, Inc., and Navigators Insurance Company states to the Court:

1

1. Plaintiff Prince Telecom, LLC f/k/a Prince Telecom, Inc. (herein "Prince") is a limited liability company organized and existing under the laws of the State of Delaware and authorized to conduct business in the State of Missouri.

2. Defendant Total Quality Assurance Cable Specialists, Inc. (herein "TQA") is a corporation organized and existing under the laws of the State of South Dakota and authorized to conduct business in the State of Missouri. Its registered office is located in Cass County, Missouri and it may be served upon its registered agent at the service address stated above.

3. Defendant Navigators Insurance Company (herein "Navigators") is an insurance company organized and existing under the laws of the State of New York and authorized to conduct business in the State of Missouri. It may be served upon the Director of the Missouri Department of Insurance at the service address stated above.

4. Venue in this court is proper pursuant to Section 508.010 RSMo.

5. On or about December 24, 2013, TQA entered into a Subcontract Agreement (herein the "Contract") with Prince regarding the installation of telecommunications facilities as an independent contractor of Prince, which served as a master agreement for individual work orders released by Prince to TQA. Under the Contract, Price engaged TQA to perform certain work as specified in individual work orders and promised to pay compensation to TQA for such work.

6. On or about January 20, 2021, Prince learned of the personal injury claim of Sue Arensberg (herein the "Arensberg Claim") which involves allegations of injuries and damages resulting from an alleged trip and fall on or about December 18, 2020 over telecommunications facilities installed by TQA for Prince pursuant to the Contract at or near 4801 N. 64th Terrace, Kansas City, Missouri.

7. Pursuant to the Contract, TQA agreed to defend at its cost, indemnify and hold harmless Prince, its customers (project owners) and their lenders, and their respective parents (direct and indirect), subsidiaries, affiliates, officers, directors, agents, servants, and employees from and against claims, liabilities suits, actions, legal proceedings, awards, judgments, damages, damage, and injury of any kind to all persons and property including all settlement sums, fines, penalties, losses, costs and expenses including attorney's fees and costs and expense of litigation and investigation caused by, resulting from or arising out of the work of TQA and others it employs to perform such work under the Contract.

8. Pursuant to the aforesaid indemnification provisions of the Contract, TQA is obligated to defend at its cost, indemnify and hold harmless Prince, its affiliates including Lambert's Cable Splicing Company, LLC, and Ervin Cable Construction, LLC, and Prince's customer, the project owner, Google Fiber, Inc., from and against the Arensberg Claim.

9. On information and belief, Navigators issued a general liability policy to TQA to insure against claims arising from or related to TQA's work under the Contract, with a coverage period that includes the Arensberg Claim (herein the "Policy").

10. Under the Contract, TQA was required to name Prince, and its aforesaid customer and affiliates as Additional Insureds covered by the Policy.

11. On information and belief, Prince, its aforesaid customer and affiliates are Additional Insureds covered by the Policy.

12. According to the Contract, the aforesaid indemnification and insurance provisions of the Contract survive completion of TQA's work.

13. On or about February 23, 2021 Prince tendered the Arensberg Claim to TQA and its insurers including Navigators for defense.

3

14. To date, TQA and its insurers, including Navigators, have failed to take up the defense of the Arensberg Claim and implicitly have denied their obligations under the Contract and the Policy.

## COUNT I – BREACH OF CONTRACT AGAINST TQA – INJUNCTIVE RELIEF AND DAMAGES

15. Plaintiff incorporates by reference the averments of paragraphs 1-14 as if more fully set forth herein.

16. Prince has fully performed its obligations under the Contract.

17. By failing to take up the defense of the Arensberg Claim and implicitly denying its obligation to do so, TQA has failed to perform and breached the Contract. In the event TQA failed to have Prince and its aforesaid customer and affiliates named as Additional Insureds on the Policy, it is in further failure to perform and breach of the Contract.

18. As a direct result of TQA's aforesaid breach, Prince has sustained and will continue to sustain injury and damages and irreparable harm, in that it has had to defend itself, its aforesaid customer and affiliates from the Arensberg Claim, thereby incurring attorney's fees, costs and expenses.

19. Prince and its customer and affiliates are exposed to additional damages and irreparable harm resulting from TQA's breach, such as the potential judgment that could result from prosecution of the Arensberg Claim, or any settlement that might be reached related thereto.

20. An award of damages herein would not be an adequate and sufficient remedy for TQA's aforesaid breach of the Contract, and Prince does not have an adequate remedy at law. In

the Contract, TQA agreed that any breach of the Contract by it would cause irreparable harm to Prince, that Prince is entitled to injunctive relief regarding any such breach, waived any defense asserting adequate remedy at law or breach by Prince, and waived posting of bond or security.

21. As a result of its breach of the Contract, TQA is also liable to Prince for all attorney's fees, costs and expenses incurred herein, as provided in the Contract.

WHEREFORE, Prince prays that the Court issue a preliminary and permanent injunction, without bond, compelling TQA to take up the defense of the Arensberg Claim and otherwise fulfill its contractual obligations to defend, indemnify and hold harmless Prince, its customer and affiliates from and against the Arensberg Claim, award judgment in favor of Prince and against TQA for damages in such amount proven at trial which are anticipated to exceed $25,000.00, including all attorney's fees, costs and expenses incurred herein and in defense of the Arensberg Claim, and for such other and further relief as the Court deems meet and proper.

## COUNT II AGAINST TQA – CONTRIBUTION

22. Plaintiff incorporates by reference the averments of paragraphs 1-21 as if more fully set forth herein.

23. While Prince denies liability under the Arensberg Claim, .in the event that Sue Arensberg proves the Arensberg Claim and obtains a judgment against Prince, its aforesaid customer or affiliates, such liability will arise solely or partially from the negligence of TQA regarding its installation of telecommunications facilities pursuant to the Contract.

24. Accordingly, Prince will be entitled to contribution from TQA towards any amount it may be required to pay on the Arensberg Claim.

WHEREFORE, Price prays the Court to award judgment in its favor and against TQA in the amount of any judgment issued against Prince, its customer or affiliates on the Arensberg Claim, and for such other and further relief as the Court deems meet and proper.

COUNT III AGAINST NAVIGATORS – DECLARATORY JUDGMENT

25. Plaintiff incorporates by reference the averments of paragraphs 1-24 as if more fully set forth herein.

26. Navigators has breached the Policy(ies) by failing to defend and hold harmless Prince and its customer and affiliates from and against the Arensberg Claim and implicitly denying coverage thereof.

27. Prince asserts it is covered as an Additional Insured under the Policy(ies) on the Arensberg Claim and has complied with all requirements of the Policy(ies) for coverage on the Arensberg Claim to the best of its ability, given that it has not been provided with a copy(ies) thereof.

28. There is a justiciable controversy between Prince and Navigators regarding their dispute over coverage of the Arensberg Claim under the Policy(ies).

29. The Court should declare that Prince and its customer and affiliates are covered insureds under the Policy(ies) regarding the Arensberg Claim.

30. The Court should enjoin and direct Navigators to assume the defense of the Arensberg Claim and fulfill completely its indemnity obligations under the Policy(ies) to Prince and its customer and affiliates.

31. Prince will suffer irreparable harm unless Navigator assume the defense of the Arensberg Claim and indemnifies Prince and its customer and affiliates against the Arensberg Claim pursuant to the Policy(ies). Prince has no adequate remedy at law absent such declaration and enjoinder but, nonetheless, the Court should award judgment for any and all damages sustained by Price as a result of Navigators breach of the Policy.

WHEREFORE, Prince prays that the Court issue a preliminary and permanent injunction, without bond, compelling Navigators to take up the defense of the Arensberg Claim and otherwise fulfill its insurance obligations to defend, indemnify and hold harmless Prince, its customer and affiliates from and against the Arensberg Claim, award judgment in favor of Prince and against Navigators for damages in such amount proven at trial which are anticipated to exceed $25,000.00, including all attorney's fees, costs and expenses incurred herein and in defense of the Arensberg Claim, and for such other and further relief as the Court deems meet and proper.

Respectfully Submitted,

CURTIS, HEINZ, GARRETT & O'KEEFE, P.C

/s/ Carl J. Lumley_____
Carl J. Lumley, #32869
130 S. Bemiston Avenue, Suite 200
St. Louis, MO 63105
(314) 725-8788 (Telephone)
(314) 725-8789 (Fax)
*Attorneys for Plaintiff*

7